UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ESPINA and AURELIANO SALAZAR,
on behalf of themselves and all others
similarly situated,

                        Plaintiffs,      **COMPLAINT**

        - against -                           **FLSA COLLECTIVE**

CONCRETE INDUSTRIES ONE
CORP., EVERGREEN SERVICES           **CLASS ACTION**
ENTERPRISES INC. and MARK FURER
and SALVADOR LACHICA,
individually,

                        Defendants.
------------------------------------------------------------------------X

    Plaintiffs Jose Espinal ("Espinal") and Aureliano Salazar ("Salazar") on behalf of themselves and all others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves and a putative class of cement and concrete workers who provided labor for Concrete Industries One Corp. ("Concrete Industries"), Evergreen Services Enterprises Inc. ("Evergreen Services") and Mark Furer ("Furer") and Salvador Lachica ("Lachica") (collectively "Defendants") on public works projects and other construction projects. Plaintiffs seek to recover New York State mandated prevailing wages and supplemental benefits as well as unpaid overtime and wage notice damages under the New York Wage Theft Prevention Act.

2. Plaintiffs bring this action on behalf of themselves, and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action

provision of 29 U.S.C. § 216(b), to remedy violations of unpaid overtime provisions of the FLSA by Defendants.

3. Plaintiffs and the putative class, construction workers in the greater New York City area who assist in building and positioning forms for pouring concrete, are former and current employees of Concrete Industries and Evergreen Services (the "Corporate Defendants"), companies that employ cement and concrete workers for construction projects.

4. Corporate Defendants are subcontractors on larger projects, some of which are public and some of which are private.

5. Corporate Defendants have been engaged as prime contractors and/or subcontractors for numerous publicly funded construction projects in New York City.

6. The locations of at least some of these public projects where Plaintiffs worked included 10 Grand Army Plaza, Brooklyn, New York and 300 Ashland Place, Brooklyn, New York.

7. Upon information and belief, the location at 10 Grand Army Plaza, Brooklyn, New York is the main branch of the Brooklyn Public Library, an independent nonprofit organization partly funded by city, state and federal governments.

8. Plaintiffs bring this action on behalf of themselves and a class of similarly situated former and current employees of Corporate Defendants, pursuant to Fed. R. Civ. P. 23, for unpaid wages, pursuant to NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

9. Plaintiffs bring this action on behalf of themselves and a class of similarly situated former and current employees of Defendants, pursuant to Fed. R. Civ. Rule 23 as third-party beneficiaries, for Defendants' breach of contract.

10. Defendants failed to comply with the statutorily required provision of all publicly financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the payment of prevailing wages and supplemental benefits as set by the New York City Comptroller.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b), (c), and 217; and 28 U.S.C. § 1337.  It has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 201 and 2202.

## PARTIES

**Plaintiffs and the Putative Class Members**

14. Plaintiffs and other members of the putative class are or have been construction workers in New York City.

15. Jose Espinal is an adult individual currently residing in Westchester County, New York.

16. Aureliano Salazar is an adult individual currently residing in Kings County, New York.

17. At various times throughout the relevant period, Plaintiffs, as well as other members of the putative class, were jointly employed by Defendants and were employees within the meaning of the NYLL, Article 6, § 190(2).

**Concrete Industries One Corp.**

18. Concrete Industries is a construction business incorporated in the State of New York, with its DOS Process address listed as 300 Boulevard of the Americas, Suite 101, Lakewood, New Jersey, 08701 on the NYS Department of State Division of Corporations database.

19. Upon information and belief, Concrete Industries provided and continues to provide cement and concrete services as both a subcontractor on numerous public works projects in New York City throughout the relevant period.

20. Upon information and belief, Furer is the President and Chairman of the Board of Concrete Industries.

**Evergreen Services Enterprises Inc.**

21. Evergreen Services is a construction business incorporated in the State of New York, with its DOS Process address listed as 216 River Avenue, Lakewood, New Jersey, 08701 on the NYS Department of State Division of Corporations database.

22. Upon information and belief, Evergreen Services provided and continues to provide cement and concrete services as both a subcontractor on numerous public works projects in New York City throughout the relevant period.

23. Upon information and belief, Lachica is the President and Chairman of the Board of Concrete Industries.

**Mark Furer**

24. Upon information and belief, Furer maintains control, oversight and the direction of Concrete Industries.

25. Upon information and belief, Furer is a person engaged in business in Kings County and New York County, who is sued individually in his capacity as an owner, officer and/or agent of Concrete Industries.

26. Furer exercises sufficient control over Concrete Industries to be considered Plaintiffs' employer under the NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiffs and established and maintained policies regarding the pay practices at Concrete Industries.

27. Furer employed Plaintiffs at all times relevant.

28. Furer had substantial control over Plaintiffs' working conditions and practices alleged herein.

**Salvador Lachica**

29. Upon information and belief, Lachica maintains control, oversight and the direction of Evergreen Services.

30. Upon information and belief, Lachica is a person engaged in business in Kings County and New York County, who is sued individually in his capacity as an owner, officer and/or agent of Evergreen Services.

31. Lachica exercises sufficient control over Evergreen Services to be considered Plaintiffs' employer under the NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiffs and established and maintained policies regarding the pay practices at Evergreen Services.

32. Lachica employed Plaintiffs at all times relevant.

33. Lachica had substantial control over Plaintiffs' working conditions and practices alleged herein.

## The Rule 23 Class

34. Plaintiffs and members of the Rule 23 Class and the FLSA Collective are or were employed by Defendants.

35. Plaintiffs bring their NYLL claims and breach of contract claim on their own behalf and on behalf of a class of persons pursuant to Fed. R. Civ. P. 23, on behalf of all individuals who performed cement and concrete work for Defendants and who failed to receive the prevailing wage and supplemental benefits rate, as set by the New York City Prevailing Wage Schedule, for any and all hours worked on publicly financed construction projects at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case (the "Class").

36. Plaintiffs bring their unpaid overtime claims under the FLSA and the NYLL on their own behalf and on behalf of a class of persons pursuant to Fed. R. Civ. P. 23, on behalf of all individuals who worked on behalf of Defendants.

37. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than 50 members of the Class during the relevant period.

38. The claims of Plaintiffs are typical of the claims of the Class.

39. Plaintiffs will fairly and adequately protect the interests of the Class.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual Plaintiffs lacks the financial resources to vigorously prosecute a lawsuit in

court against Corporate Defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class action litigation and certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

41. Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate for the class.

42. There are questions of law and fact common to the class which predominate any questions solely affecting individual members of the class, including:

    a. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

    b. Whether Defendants failed to pay Plaintiffs and the Class overtime in compliance with the FLSA and the NYLL;

    c. What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records;

    d. Whether Defendants entered into certain contracts with various government agencies to provide cement and concrete services for public works projects;

    e. Whether Defendants entered into contracts with various prime contractors as a subcontractor; and

    f. Whether Defendants failed to ensure that Plaintiffs and the putative class were paid the prevailing wage and required supplements for all work performed on publicly

financed construction projects, per contract terms statutorily required to be included in all public works contracts.

## CLASSWIDE FACTUAL ALLEGATIONS

43. Plaintiffs and members of the Class ("Class Members") were employed by and worked for Defendants.

44. Plaintiffs and Class Members, as part of their employment for Defendants worked on various public work projects throughout New York City.

45. Upon information and belief, Defendants always paid Plaintiffs and the Class Members by check.

46. NYLL, Article 8, requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers on publicly financed construction projects.

47. Upon information and belief, Defendants did not pay Plaintiffs and the Class Members time and a half for all work performed after 40 hours.

48. Upon information and belief, at no time were Plaintiffs and the Class Members paid the prevailing wage plus the supplemental benefit rate, for any hour worked.

49. They were instead paid either an hourly, daily or weekly wage, depending on the employee, and these wages were always below the supplemental benefit rate.

50. As part of its regular business practice, Defendants willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the NYLL.  This pattern or practice includes, but is not limited to:

   a. Willfully failing to record all of the hours that its employees worked;

   b. Willfully failing to retain true and accurate records of the wages paid to employees;

    c. Willfully failing to pay Plaintiffs and Class Members the required prevailing wages and supplemental benefits.

    d. Willfully failing to pay Plaintiffs and Class Members the required overtime rate under the FLSA and the NYLL.

51. At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the NYLL.

52. NYLL, Article 8, § 220(3)(a) requires that all contracts and subcontracts entered into for the performance of public works in New York State include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplements at rates to be determined by the New York City Comptroller.

53. This statutorily required promise to pay and ensure payment of the prevailing wages and supplements in the public works contracts was made for the benefit of all workers furnishing labor on the sites of public works projects and, as such, Plaintiffs and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendants and government agencies.

54. On information and belief, Defendants entered into contracts with government agencies, including the New York City Department of Housing Preservation and Development, to provide cement and concrete services and employed Plaintiffs and Class Members to perform the required work.

55. Plaintiffs and the proposed class members did not sign in and sign out each day because Defendants did not provide any mechanism or procedure to do so.

56. Defendants willfully failed to ensure that Plaintiffs and Class Members employed to fulfill said public works contracts were paid the prevailing wages and supplements as required by the above-mentioned contract terms.
57. Furthermore, NYLL, Article 8, requires both contractors and all subcontractors performing work on a public works project to post the prevailing wage schedule and supplement rates.
58. Defendants did not post the prevailing wage schedule and supplement rates at any of the work sites of the public works projects for which Plaintiffs provided labor.
59. NYLL, Article 8, requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.
60. NYLL, Article 8, requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.
61. For the public works projects for which Plaintiffs furnished labor, Defendants did not provide contactors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received and agreeing to pay the applicable prevailing wages and supplements.
62. All of the work that Plaintiffs and Class Members performed was assigned by Defendants.
63. Defendants' unlawful conduct as herein described has been widespread, repeated, and consistent.

## **COLLECTIVE ACTION ALLEGATIONS**

62. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and all other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

63. The FLSA Collective consists of approximately 25 similarly situated current and former employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

64. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, inter alia, the following: failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week.

65. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

66. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

67. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

68. Defendants failed to compensate Plaintiffs and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

69. Plaintiffs and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## INDIVIDUAL FACTUAL ALLEGATIONS

**Jose Espinal**

64. Espinal worked as a concrete worker for Defendants from on or about 2013 through June 2020.

65. Espinal worked on various public work projects on behalf of Defendants.

66. When Espinal worked overtime, he was not paid time and one half.

67. In addition, when Espinal worked on public work projects, he was not paid the applicable prevailing wage rate or supplemental benefits rate.

68. Instead, Espinal was paid a flat daily salary by check.

69. Depending upon the timeline of Espinal's employment with Defendants, Espinal was paid between $175 and $300 per day.

**Aureliano Salazar**

70. Salazar worked as a concreate worker for Defendants from January 2015 through September 2021.

71. Salazar worked on various public work projects on behalf of Defendants.

72. When Salazar worked overtime, he was not paid time and one half.

73. Rather, Salazar was paid straight time.

74. In addition, when Salazar worked on public work projects, he was not paid the applicable prevailing wage rate or supplemental benefits rate.

**Prior Lawsuits Against Concrete Industries One Corp.**

75. Concrete Industries has been the subject of several prior lawsuits in the Eastern District of New York.

76. From 2014 through 2020, Concrete Industries has been sued every year.

77. Specifically, during this time period Concrete Industries was sued for violations of the Employment Retirement Income Security Act ("ERISA") by various local unions.

78. By way of example, on July 21, 2015, the Bricklayers Insurance and Welfare Fund, among other Plaintiffs, initiated a lawsuit in the Eastern District of New York against Concrete Industries and Mark Furer alleging failure to make employee benefit fund contributions and breach of fiduciary duty, respectively (the "*Bricklayers Fund Matter*").

79. The Plaintiffs in the *Bricklayers Fund Matter* complaint alleged that Furer owed $102,212.54 in unpaid fringe benefit contributions and $10,960.08 in unremitted dues checkoffs for hours worked by Local 1 bricklayers and plasterers between November 2012 and June 2015.

80. The parties in the *Bricklayers Fund Matter* reached a settlement agreement on or around February 12, 2016. The agreement provided for payment of Plaintiffs' claims for unpaid fringe benefit fund contributions and unremitted dues checkoffs in the amount of $129,759.18.

81. On February 25, 2020, the Cement and Concrete Workers District Council Welfare Fund, initiated a lawsuit in the Eastern District of New York against Concrete Industries and Mark Furer also alleging failure to make employee benefit fund contributions and breach of fiduciary duty, respectively (the "Cement and Concrete Workers Fund Matter").

82. The Plaintiffs in the *Cement and Concrete Workers Fund Matter* complaint alleged that Furer owed $188,882.82 in unpaid fringe benefit contributions and $24,604.26 in unremitted dues checkoffs for hours worked between April 2016 and September 2019.

83. The *Cement and Concrete Workers Fund Matter* is still ongoing and is currently assigned to Magistrate Judge James R. Cho.

**Defendants' Violations of the Wage Theft Protection Act**

84. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

85. Plaintiffs have never been given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; and anything otherwise required by law.

86. Upon information and belief, Defendants never gave wage notices to nor were wage notices signed by any other employee of Defendants.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiffs and the Rule 23 Class)

87. Plaintiffs repeat and re-allege the allegations contained in all previous paragraphs herein.

88. NYLL, Article 8, § 220(3)(a), (b) requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

89. The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs and Class Members.

90. Defendants breached their public works contracts and/or subcontracts by failing to pay Plaintiffs and Class Members the prevailing wage and supplemental benefits rate for all hours worked in performance of said contracts.

## SECOND CAUSE OF ACTION
### (Pled in the Alternative)
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Rule 23 Class)

91. Plaintiffs repeat and re-allege the allegations contained in all previous paragraphs herein.

92. Plaintiffs and Class Members have performed a significant amount of work for which they have not been paid.

15

93. Upon information and belief, when Defendants entered into the public works contracts and/or subcontracts, they agreed to pay the required prevailing wage, overtime, and supplemental benefit rates of pay to Plaintiffs and Class Members.

94. Upon information and belief, Defendants billed the public owner, such as the New York City Department of Housing Preservation and Development, overtime and supplemental benefit rates which were not paid to Plaintiffs and Class Members.

95. As a result of this failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiffs and Class Members.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
**(On behalf of Plaintiffs and the Rule 23 Class)**

96. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants willfully failed to supply Plaintiffs and the Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

16

98. Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

99. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the Class are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements
### (On behalf of Plaintiffs and the Rule 23 Class)

100. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Defendants have willfully failed to supply Plaintiffs and the Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

102. Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL,

Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

103. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Class are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Fair Labor Standards Act-Unpaid Overtime**
**(On behalf of Plaintiffs and the FLSA Collective)**

104. Plaintiffs, on behalf of themselves and the Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Defendants engaged in a widespread pattern or practice of violating the FLSA, 29 U.S.C. §§ 201 *et seq.*

106. At all times relevant to this action, Plaintiffs and Class Members were employed by Defendants within the meaning of the FLSA, 29. U.S.C. §203.

107. At various times throughout the relevant period, Plaintiffs and Class Members were jointly employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

108. At all times relevant to this action, Plaintiffs and Class Members were engaged in commerce and Corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

109. Defendants willfully failed to pay Plaintiffs and Class Members overtime compensation at a rate of not less than one and one-half times their wage for each hour worked in excess of 40 in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

110. Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

111. Due to the FLSA violations committed by Defendants, Plaintiffs and Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants Concrete Industries One Corp., Evergreen Services Enterprises Inc., Mark Furer and Salvador Lachica, individually;

b. Certification of this case a class action pursuant to Fed. R. Civ. P. 23;

c. Designation of Jose Espinal as the representative of the Class, and counsel of record as class counsel;

d. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 et seq. and NYLL, Article 6, § 198 (1-a);

e. An additional and equal amount of unpaid wages as liquidated damages pursuant to NYLL, Article 6, § 198;

f. Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

g. Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

h. The difference between the wages paid to Plaintiffs and Class Members for work on public works projects and the prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum;

i. Issuance of a declaratory judgment that the practices of Defendants complained of herein are unlawful under the NYLL.

Dated: October 1, 2021
       New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:   /s Jacob Aronauer
      Jacob Aronauer
      225 Broadway, 3rd Floor
      New York, NY 10007
      (212) 323-6980
      *Attorney for Plaintiffs*